# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAUL ALEXANDER TURNER,**

            Petitioner,

       v.                                         Case No. 21-CV-161

**DAVID BETH,**

            Respondent.

## RECOMMENDATION THAT THE PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED

On February 10, 2021, Paul Alexander Turner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. When he filed his petition, he was awaiting trial on charges related to a fatal traffic accident. His trial was scheduled to begin on March 1, 2021. He has since pled guilty and is awaiting sentencing, *see State v. Turner*, Kenosha Cnty. Cir. Ct. Case No. 2018CF727, available at https://wcca.wicourts.gov.

In his petition, Turner argues that his pretrial detention is unlawful because his $30,000 cash bail is excessive, he is being punished for his indigency, and he is being discriminated against because of his inability to pay his cash bail. (ECF No. 1 at 2.) He also argues that the he is subject to a "bad faith prosecution." (ECF No. 1 at 2-3.)

Turner subsequently filed a motion for a temporary restraining order wherein he asked the court to bar the state from proceeding with his scheduled trial. (ECF No. 4.)

Turner's motion for a temporary restraining order may be more properly construed as a motion under 28 U.S.C. § 2251. The purpose of a TRO or a motion under § 2251 is to prevent the state from taking actions that result in the harm that the petitioner seeks to avoid in his federal habeas relief. *See Bundy v. Wainwright*, 808 F.2d 1410, 1421 (11th Cir. 1987); *Stepney v. Lopes*, 597 F. Supp. 11, 14 (D. Conn. 1984).

In his motion for a TRO, Turner argues that, absent the federal court enjoining the state court proceedings, the state matter will proceed to trial and his federal habeas petition will become moot. But a petitioner is not harmed simply because his petition becomes moot. The "harm" that Turner sought to prevent in his habeas petition is his continued pretrial detention. But, rather than preventing this harm, enjoining the state court trial would serve only to prolong this harm.

When Turner filed his motion for a TRO, his trial was scheduled for March 1, 2021. According to online court records, the trial was adjourned until March 15, 2021, when Turner was required to quarantine due to COVID exposure. The trial began as re-scheduled, and shortly after jury selection Turner pled guilty.

Given the time required for briefing and adjudication, there was no way the court would have been able to resolve Turner's habeas petition before his trial. Therefore, even if the court were to have eventually granted Turner's petition, granting the TRO would

2
Case 2:21-cv-00161-JPS    Filed 03/17/21    Page 2 of 3    Document 9

have resulted in Turner spending more time in pretrial custody than he would have if his trial were allowed to proceed as scheduled. Thus, the court found no merit to his motion for a TRO and took no action on it.

In any event, both his petition and motion for a TRO are now moot in light of Turner having pled guilty and the court having accepted his guilty plea. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).

**IT IS THEREFORE RECOMMENDED** that Turner's motion for a temporary restraining order be **dismissed as moot**.

**IT IS FURTHER RECOMMENDED** that Turner's petition for a writ of habeas corpus and this action be **dismissed as moot**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 17th day of March, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge