# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ALEXANDER TURNER,

                Petitioner,

v.

DAVID BETH,

                Respondent.

Case No. 21-CV-161-JPS

**ORDER**

1.     **INTRODUCTION**

On February 10, 2021, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). Petitioner subsequently filed a motion for a "temporary restraining order against state court proceedings" (the "TRO motion"). (Docket #4). On March 17, 2021, Magistrate Judge William E. Duffin screened the petition and issued a report and recommendation (the "R&R") suggesting that the TRO motion be denied as moot and the habeas petition be dismissed as moot. (Docket #9). Petitioner then objected to the R&R. (Docket #10). For the reasons explained below, the Court will adopt the R&R, deny the TRO motion as moot, and deny the petition as moot.

2.     **FACTUAL AND PROCEDURAL BACKGROUND**

In 2018, Petitioner was charged in Kenosha County, Wisconsin Circuit Court with homicide by negligent operation of a vehicle and hit-and-run causing death. *State v. Turner*, Kenosha Cnty. Cir. Ct. Case No. 2018CF727, available at https://wcca.wicourts.gov. Petitioner admitted that he initially fled the scene, but he claims that he did so "due to fearing his

life was in danger if he remained in Kenosha." (Docket #2 at 3). Petitioner offers no additional explanation as to why he feared for his life. He eventually reported the accident "[t]en to twelve hours" after fleeing. (*Id.*) It also appears that, in an unrelated criminal matter, Petitioner absconded while on supervision. (Docket #6-1 at 5). Thus, on July 11, 2018, the state court initially set Petitioner's bail at $75,000, but later reduced it to $30,000 on November 27, 2018. *State v. Turner*, Kenosha Cnty. Cir. Ct. Case No. 2018CF727.

While awaiting trial, Petitioner challenged his bail in state court. Ultimately, the Wisconsin Court Appeals denied Petitioner's request for habeas corpus relief, and the Supreme Court of Wisconsin denied his petition for review. (Docket #6-1). On February 10, 2021, Petitioner filed a petition for a writ of habeas corpus in this Court. (Docket #1). Therein, Petitioner argues that his pretrial detention was unlawful and raises the following grounds for relief: (1) excessive bail; (2) violation of substantive due process; (3) violation of procedural due process; (4) violation of equal protection; and (5) bad faith prosecution. At the heart of his claims is Petitioner's belief that his bail was arbitrarily and excessively high and that the state court discriminated against him based on his indigency. (*Id.*)

On February 12, 2021, Petitioner filed the TRO motion. (Docket #4). In this motion, Petitioner asked the Court to "stay the state court proceedings until this [C]ourt has considered the merits of the underlying petition." (*Id.* at 3). Petitioner's motivation for filing this motion was his concern that "if immediate action is not taken in the underlying habeas action[,] any prospective relief would become moot." (*Id.* at 1). On March 17, 2021, Magistrate Judge Duffin issued the R&R. (Docket #9).

On March 15, 2021, two days before Magistrate Judge Duffin issued the R&R, Petitioner pleaded guilty to one of the charges against him (the hit-and-run). *State v. Turner*, Kenosha Cnty. Cir. Ct. Case No. 2018CF727. On May 13, 2021, after Petitioner submitted his objection to the R&R, Petitioner was sentenced to ten years of initial confinement to be followed by ten years of extended supervision. *Id.* He was given 1,039 days of sentence credit. *Id.* The state court entered judgment on the conviction (and dismissed the remaining count) on May 14, 2021. *Id.*

3. **ANALYSIS**

Individuals who are held in state custody for any reason other than a conviction may challenge their incarceration under § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting that a habeas petition may be brought pursuant to § 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

Since filing his habeas petition, Petitioner has pleaded guilty and been sentenced in the state court proceedings. He is no longer being held in pre-conviction custody and, therefore, is no longer subject to potential relief under § 2241. *See Jackson v. Clements*, 796 F.3d 841, 842 (7th Cir. 2015) ("[The petitioner] was no longer a pre-trial detainee when the district court ruled on the merits of his petition, and, thus, relief under § 2241 was no longer available to him . . . . Once [the petitioner] was convicted, the claims concerning his pre-trial confinement became moot."). Accordingly, his petition should be denied as moot.

Petitioner, understanding the requirements of § 2241, saw the writing on the wall. He understood that his claims would become moot following either a conviction at trial or a pleading and sentencing. Thus, he

filed the TRO motion for the explicit purpose of curtailing his claims from becoming moot. (Docket #4 at 1) (Petitioner noting that "if immediate action is not taken in the underlying habeas action[,] any prospective relief would become moot"). The Court need not address the merits of the TRO motion. A federal court at "any stage of the proceeding" must dismiss a case when it can no longer "give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). There is no longer a state proceeding to enjoin. Petitioner has pleaded and been sentenced, and his habeas petition is moot.

Sometimes, litigants may find themselves in a seemingly unfair situation in which, due to the nature and length of court proceedings, their claims become moot before a court is able to act upon them. Petitioner objects to the dismissal of his petition on the grounds that his case presents the unusual circumstance in which the violation of his rights is "capable of repetition yet evading review." (Docket #10 at 4).

The "capable of repetition yet evading review" doctrine is an "exception to the general rule" of mootness. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (holding that a constitutional claim on pretrial bail was mooted by conviction and was not capable of repetition yet evading review). Where a case does not involve a class action, the doctrine applies to overcome mootness when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*)).

In the present case, there is not a reasonable expectation that Petitioner will be subject to presentence conditions, such as bail, again. He has already been sentenced. Petitioner alleges that he fully intends to

filed the TRO motion for the explicit purpose of curtailing his claims from becoming moot. (Docket #4 at 1) (Petitioner noting that "if immediate action is not taken in the underlying habeas action[,] any prospective relief would become moot"). The Court need not address the merits of the TRO motion. A federal court at "any stage of the proceeding" must dismiss a case when it can no longer "give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). There is no longer a state proceeding to enjoin. Petitioner has pleaded and been sentenced, and his habeas petition is moot.

Sometimes, litigants may find themselves in a seemingly unfair situation in which, due to the nature and length of court proceedings, their claims become moot before a court is able to act upon them. Petitioner objects to the dismissal of his petition on the grounds that his case presents the unusual circumstance in which the violation of his rights is "capable of repetition yet evading review." (Docket #10 at 4).

The "capable of repetition yet evading review" doctrine is an "exception to the general rule" of mootness. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (holding that a constitutional claim on pretrial bail was mooted by conviction and was not capable of repetition yet evading review). Where a case does not involve a class action, the doctrine applies to overcome mootness when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*)).

In the present case, there is not a reasonable expectation that Petitioner will be subject to presentence conditions, such as bail, again. He has already been sentenced. Petitioner alleges that he fully intends to

pursue "postconviction and appellate review" of his case, which may cause the state court to release Petitioner and/or set conditions regarding his release, pending appellate review. (Docket #10 at 4). But any actions taken by the state court to release Petitioner post-conviction are not the "same actions" as pre-conviction release.

Finally, Petitioner raises a second exception to mootness: the collateral-consequences doctrine. (*Id.* at 3). It appears, however, that for this exception to apply, Petitioner must demonstrate "first, that [he] is attacking an underlying criminal conviction or its equivalent, and second, that some significant collateral consequences can be identified." *Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997) ("We have serious doubts as to whether a judgment finding someone in civil contempt qualifies as a "conviction" for purposes of the collateral consequences rule."). Petitioner is attacking a pre-conviction bail determination, not a conviction. As in *Puchner*, the Court has doubts about whether this qualifies as a conviction.

But, even if the collateral consequences doctrine applied, Petitioner has not demonstrated any *continuing* consequences of his pre-conviction bail determination. His risk of exposure to the COVID-19 virus while incarcerated, inability to "get his affairs in order," and "failure to acquire relevant evidence for sentencing" are now either consequences of his *conviction* or moot.[1] (Docket #10 at 3–4); *see, e.g., Webb v. Morgan*, No. CIV.A. 09-675-GMS, 2011 WL 862252, at *2 (D. Del. Mar. 9, 2011). ("[The petitioner's] excessive bail claim was rendered moot by his

---

[1]For examples of cognizable collateral consequences, see *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) ("In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror.").

conviction . . . [and] [h]e has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding."). The "collateral consequences" that Petitioner sets forth are no longer the result of his pre-conviction bail, and the Court's favorable decision on the present habeas petition will not remedy them.

4. **CONCLUSION**

The Court will adopt Magistrate Judge Duffin's R&R, (Docket #9), for the reasons explained therein, as well as those outlined in this Order. The Court will deny Petitioner's TRO motion, (Docket #4) as moot, deny Petitioner's petition for writ of habeas corpus, (Docket #1), as moot, and dismiss this case.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation (Docket #9) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for a temporary restraining order (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge