# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ALEXANDER TURNER,

                            Petitioner,

v.

DAVID BETH,

                            Respondent.

Case No. 21-CV-161-JPS

**ORDER**

On May 24, 2021, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #11). The Court, reviewing Magistrate Judge William E. Duffin's report and recommendation on the screening of the petition, agreed that the petition, along with the motion for a temporary restraining order, was moot. (*Id.*) The Court entered judgment in favor of Respondent. (Docket #12). Petitioner never filed a notice of appeal. Instead, on June 8, 2021, Petitioner filed a motion requesting reconsideration of the Court's decision. (Docket #14). Petitioner followed this motion with a motion for clarification. (Docket #16). The crux of his argument is that the Court was incorrect to deny the petition on mootness grounds, and that the TRO should have been decided earlier. Petitioner also, variously, contends that the statutes under which he was prosecuted were unconstitutionally vague, and that he was the victim of bad faith prosecution. (Docket #14 at 2–6). He also generally challenges the facts underlying the conviction. (*Id.* at 5–6).

Two rules allow a court to revisit a final judgment in civil cases. First, Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must

establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and so only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Similarly, Rule 60(b) allows the Court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Petitioner any relief here. None of his arguments upend the Court's correct conclusion that because Petitioner entered a plea bargain, the § 2241 petition, and the motion for a temporary restraining order, are now moot. *See* (Docket #11 at 3–4). Petitioner's

submissions evince frustration with his attorneys, the criminal proceedings, and his ultimate conviction. However, as he may already know, the correct avenue to challenge his conviction is through appeal in state court. *See* (Docket #14 at 7) ("Petitioner can't seek relief under 2254 until all his state court remedies are exhausted[.]"). Indeed, once Petitioner's state court remedies are exhausted, he can file a petition in federal district court pursuant to § 2254. Because Petitioner's arguments fall well short of demonstrating manifest error or that such an extraordinary remedy as reconsideration is warranted, the Court will deny his motion.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #14) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for clarification (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 3 of 3